**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** : | |
| : | **Chapter 11** |
| **PMA MEDICAL SPECIALISTS, LLC,** : | |
| **a/d/b/a PRIME HEALTH NETWORK,** : | **Case No. 16-12016 (AMC)** |
| : | |
| **Debtor.** : | |

**ORDER AUTHORIZING THE DEBTOR TO MAKE PAYMENT OF PREPETITION CLAIMS OF MCKESSON MEDICAL SURGICAL AND MCKESSON SPECIALTY CARE DISTRIBUTION AS CRITICAL VENDORS**

AND NOW, this _31st_ day of _March_, 2016, upon consideration of the motion of PMA Medical Specialists, LLC a/d/b/a Prime Health Network (the "Debtor") for an order under §§105(a), 363(b), 364, 1107(a) and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, authorizing, but not directing, the Debtor to pay, in the ordinary course, the prepetition fixed, liquidated and undisputed claims of McKesson Medical Surgical ("McKesson Medical") and McKesson Specialty Care Distribution ("McKesson Specialty", collectively McKesson Medical ("McKesson") as Critical Vendors and granting certain related relief (the "Motion")[1]; and the Court having reviewed the Motion, and the objections thereto, and consistent with the testimony at the hearing on the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest but only with respect to McKesson; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

5024033

**ORDERED** that:

1. The Motion is GRANTED in part and DENIED in part as follows:

2. The Debtor is authorized, subject to the terms and provisions hereof, to pay McKesson Medical and McKesson Specialty as Critical Vendors on account of each such creditor's § 503(b)(9) claims as follows:

   a. $24,147.25 to McKesson Medical.

   b. $359,303.00 to McKesson Specialty.

3. The Debtor is authorized to pay the signal payment which did not clear the Debtor's bank account in the amount of $87,581.01 to McKesson Specialty.

4. McKesson shall accept the Debtor's order to be made by 4:00 pm EST on March 31, 2016.

5. McKesson shall not be required to continue to provide credit to the Debtor upon the occurrence of any of the following events:

   (a) the conversion of the Debtor's case to one under Chapter 7;

   (b) an order prohibiting the Debtor's use of cash collateral; or

   (c) the appointment of a Chapter 11 Trustee.

6. Upon acceptance of payment, McKesson shall be bound by the customary trade terms which it had with the Debtor and which were in effect between McKesson and the Debtor prior to the Petition Date.

7. If the Debtor's purchases following the date of this order on a monthly basis, exceed the average monthly purchases over the preceding twelve (12) months then McKesson may seek a deposit, which the parties will negotiate in good faith.

8. All applicable banks and other financial institutions are hereby authorized and

5024033

required to receive, process, honor, and pay any the checks and transfer requests to McKesson Medical and McKesson Specialty evidencing amounts to be paid by the Debtor pursuant to this Order. Such banks and financial institutions are authorized to rely on the representations of the Debtor as to which checks are issued or authorized to be paid pursuant to this Order. Notwithstanding the foregoing, the Debtor shall retain the minimum deposit amounts with Phoenixville Bank as required under the March 25, 2016 Cash Collateral Order, and any future Cash Collateral Order.

9. The authority granted by this Order to pay certain claims shall not be construed as: (a) an admission by the Debtor as to the validity of any claim against the Debtor or the existence of any lien against the Debtor's properties; (b) a waiver of the Debtor's rights to dispute any claim or lien on any grounds; (c) a promise by the Debtor to pay any claim; (d) an implication or admission by the Debtor that any particular claim would constitute a Critical Vendor or Service Provider Claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to § 365 of the Bankruptcy Code; or (f) affecting, in any way, the Debtor's rights under § 365 of the Bankruptcy Code to assume or reject any executory contract with any party.

10. Nothing in the Motion or this Order, nor the Debtor's implementation of the relief granted in this Order shall be deemed to modify or waive any of the Debtor's rights with respect to goods and services requested or received from the Critical Vendors, including the Debtor's rights to (a) cancel an order (including any Outstanding Order), (b) decline the acceptance of services or goods associated with such goods or services, (c) return any defective, nonconforming or unacceptable goods associated with such goods or services, (d) contest the amount of any invoice or claims on any grounds, or (e) any other

3

rights as a purchaser under the Uniform Commercial Code.

11. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

12. The Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

13. Nothing herein shall prohibit the Debtor from renewing any request for Critical Vendor status, or the right of any creditor or party in interest to object to any such future request.

14. The remaining request for Critical Vendor treatment of the creditors listed in the Motion is DENIED at this time.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

BY THE COURT

The Honorable Ashely Chan
United States Bankruptcy Judge

Copies to:

Edmond M. George, Esquire
Angela L. Baglanzis, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102

Kevin P. Callahan, Trial Attorney
Office of the United States trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

5024033

Edward J. DiDonato, Esquire
Martha B. Chovanes, Esquire
Fox Rothschild LLP
2000 Market St., 20th Floor
Philadelphia, PA, 19103-3222

John K. Fiorillo, Esquire
Unruh, Turner, Burke & Frees
P.O. Box 515
West Chester, PA 19381-0515

David Klauder, Esquire
Bielli & Klauder, LLC
1500 Walnut Street, Suite 900
Philadelphia, PA  19102

Jeffrey K. Garfinkle, Esquire
Buchalter Nemer
18400 Von Karman Avenue, Suite 800
Irvine, California  92612-0514

5024033